# EXHIBIT 1

MCAFEE&TAFT
A PROFESSIONAL CORPORATION

8TH FLOOR • TWO LEADERSHIP SQUARE
211 NORTH ROBINSON • OKLAHOMA CITY, OK 73102-7103
(405) 235-9621 • FAX (405) 235-0439
www.mcafeetaft.com

ERIN M. VAN LAANEN
ATTORNEY AT LAW

WRITER DIRECT
(405) 552-2208
FAX: (405) 228-7408
erin.vanlaanen@mcafeetaft.com

# McAfee & Taft A Professional Corporation Escrow Terms and Wire Instructions

CONFIRM WIRE INSTRUCTIONS VIA PHONE CALL
MCAFEE & TAFT DOES NOT ALTER OR CHANGE ITS WIRE INSTRUCTIONS

**Bank of America, N.A.**
**222 Broadway, New York, NY USA 10038**
**Swift Code: BOFAUS3N**
**ABA# 026009593**
**Account # 305010194407**
**McAfee & Taft Aircraft Account**
**Attn: Tracy Thornton - (405) 235-9621**
**Re: CSDS / UCK / A320s MSN 7635, 7679, 7724, 8614, 8659 & 8632**

NEVER WIRE FUNDS UNTIL THE WIRE INSTRUCTIONS HAVE BEEN CONFIRMED VIA PHONE CALL. GO TO THE MCAFEE WEBSITE AND LOCATE THE PHONE NUMBER FOR THE FIRM TO REACH THE ATTORNEY IN CHARGE OF THE MATTER TO CONFIRM THE WIRE INSTRUCTIONS. NEVER USE THE PHONE NUMBER PROVIDED IN THE EMAIL WITH THESE WIRE INSTRUCTIONS

**All funds remitted to McAfee & Taft A Professional Corporation shall be held pursuant to the attached Escrow Terms and Conditions

McAFEE & TAFT
A PROFESSIONAL CORPORATION

8TH FLOOR • TWO LEADERSHIP SQUARE
211 NORTH ROBINSON • OKLAHOMA CITY, OK 73102-7103
(405) 235-9621 • FAX (405) 235-0439
www.mcafeetaft.com

ERIN M. VAN LAANEN
ATTORNEY AT LAW

WRITER DIRECT
(405) 552-2208
FAX: (405) 228-7408
erin.vanlaanen@mcafeetaft.com

**ESCROW TERMS & CONDITIONS (the "Escrow Terms")**

1. TRANSACTION. These Escrow Terms are entered into and made a part of that certain Letter of Intent dated 13 April 2026 ("**LOI**") between CSDS Asset Management LLC as seller ("**Seller**"), and UCK Airports 1 LLC, as purchaser (the "**Purchaser**") (Seller and the Purchaser, together, the "**Parties**"), covering the sale and purchase of six Airbus A320-214 aircraft with manufacturer's serial numbers 7635, 7679, 7724, 8614, 8659 and 8632, all as more specifically described in the LOI (the "**Equipment**"). The Parties hereby appoint McAfee & Taft A Professional Corporation as escrow agent for the transaction (the "**Escrow Agent**"). The Escrow Agent shall hold documents and funds and disburse the same, all as set forth in the LOI and as may be set forth in a subsequent purchase agreement (the "**Purchase Agreement**") provided to the Escrow Agent.

2. BANK INFORMATION. All funds (the "**Escrow Funds**") shall be sent by wire transfer to the escrow account (the "**Escrow Account**") of McAfee & Taft A Professional Corporation ("**Escrow Agent**") as follows, with the bank listed below (the "**Bank**"):

**Bank of America, N.A.**

**222 Broadway**

**New York, New York USA 10038**

**Swift Code: BOFAUS3N**

**ABA Routing Number: 026009593**

**Account Number: 305010194407**

**Account Name: McAfee & Taft Aircraft Account**

**Attn: Tracy Thornton - (405) 235-9621**

**REF: CSDS / UCK / A320s MSN 7635, 7679, 7724, 8614, 8659 & 8632**

The Escrow Funds shall be held in accordance with the terms of the Escrow Terms.. The Escrow Account is an interest-bearing sweep account, in which the Escrow Funds are swept on a nightly basis into U.S. Treasury bills, notes and other obligations issued or guaranteed as to principal and interest by the U.S. Treasury, and swept back into the Escrow Account at the beginning of each Oklahoma City business day. Any interest associated with the Escrow Account will be retained by the Escrow Agent. The Bank's wiring deadline for transferring funds out of the Escrow Account is 3:00 p.m., Central Time. The Escrow Agent shall not be liable or responsible in any respect for any losses or damages as may result from any (i) act or omission of the Bank, including any failure of the Bank to correctly follow any instructions of the Escrow Agent, or (ii) the failure, insolvency or bankruptcy of the Bank or the appointment of any receiver or similar official for the Bank, or (iii) failure, insolvency, or default by the United States government. Each Party's wire instructions are set forth on **Exhibit A** attached hereto.

The Escrow Agent shall make the disbursements in accordance with written instructions executed by the Purchaser (and counter-signed by Qatar National Bank (Q.P.S.C) (as the Purchaser's lender, the "**Purchaser's Lender**") substantially in the form of Exhibit B hereto (the "**Funds Disbursement Instruction**"). A disbursement shall be made by wire transfer of immediately available funds as set forth in the Funds Disbursement Instruction issued by the

McAFEE&TAFT
A PROFESSIONAL CORPORATION

8TH FLOOR • TWO LEADERSHIP SQUARE
211 NORTH ROBINSON • OKLAHOMA CITY, OK 73102-7103
(405) 235-9621 • FAX (405) 235-0439
www.mcafeetaft.com

ERIN M. VAN LAANEN
ATTORNEY AT LAW

WRITER DIRECT
(405) 552-2208
FAX: (405) 228-7408
erin.vanlaanen@mcafeetaft.com

Purchaser with respect to such disbursement. There is no limitation on the number of Funds Disbursement Instructions that the Purchaser may issue.

It is agreed and acknowledged that a Funds Disbursement Instruction may be submitted by the Purchaser at any time following the execution of these Escrow Terms. It is further agreed and acknowledged that the Purchaser is entitled to issue a Funds Disbursement Instruction which directs the return of any or all of the Escrow Funds to the Purchaser in any of the following circumstances: (i) a failure in the sale of the Equipment to the Purchaser (the "**Transaction**") to proceed for any reason, including but not limited to an unsatisfactory technical inspection of the Equipment; (ii) a failure of the Purchaser and Seller to agree the terms of the Purchase Agreement; (iii) any other Transaction failure; (iv) the Seller not being awarded the Equipment identified in the LOI by the relevant bankruptcy court; (v) expiry of the Long Stop Date (as such term is defined in the LOI); or (vi) at any time prior to the transfer of title to the Equipment to the Purchaser under the Purchase Agreement. The Escrow Agent shall comply with any Funds Disbursement Instruction which directs the return of any or all of the Escrow Funds to the Purchaser and such Escrow Funds shall be returned to the Purchaser within three (3) Oklahoma City business days of the date of such Funds Disbursement Instruction.

3. KNOW YOUR CUSTOMER. (a) The Parties and the Escrow Funds may be subject to the following ("**Laws and Regulations**"): (i) the Trading With the Enemy Act of 1917, the International Emergency Economic Powers Act, the Arms Export Control Act, the Export Administration Act, the Export-Import Bank Act, the Patriot Act and the Nuclear Proliferation Prevention Act; (ii) applicable Executive Orders issued by the President of the United States; (iii) regulations administered by the Office of Foreign Assets Control of the U.S. Department of the Treasury ("**OFAC**"), the Export Administration Regulations ("**EAR**") administered by the U.S. Department of Commerce ("**DOC**"), and the International Traffic in Arms Regulations ("**ITAR**") administered by the U.S. Department of State ("**DOS**"); and (iv) any other applicable law or regulation of the United States that may be in effect from time to time and which may restrict, limit, or prohibit transactions with a foreign government, Person (as defined in such Laws and Regulations), or country. The Patriot Act requires certain due diligence in connection with transactions involving "financial institutions" as defined therein. The Escrow Agent takes the position it is either not a "financial institution" as defined in the Patriot Act, or this transaction is otherwise specifically exempt from the requirements of the Patriot Act.

(b) In support of this position, (i) each wire transfer must be wired to the Escrow Agent directly from an account held in the name of the Purchaser (not a parent, subsidiary, related company, officer or director) or from the Purchaser's Lender, (ii) all funds are funds which are an integral part of the transaction, and (iii) the Escrow Agent may only wire funds at closing to parties that are an integral part of the transaction.

(c) If any of the Escrow Funds are to be wired to anyone other than the Parties, information must be provided to the Escrow Agent with a written explanation acceptable to the Escrow Agent in its sole discretion as to why the funds wired to such party would be considered an integral part of the transaction.

(d) The Escrow Funds shall not be provided by any party other than the Purchaser or Purchaser's Lender.

(e) As a precautionary matter, the Escrow Agent may in its sole discretion choose to implement part of the procedures suggested in the Customer Identification Program of the Patriot Act (however, the Escrow Agent is not required to follow the Customer Identification Program). Each Party hereby (i) acknowledges that the name of the Party as noted in these Escrow Terms is accurate and the address noted is its principal place of business, and (ii) agrees to provide Escrow Agent with information pertaining to the formation, existence, management and ownership of any party who will send or receive funds as part of the transaction contemplated by these Escrow Terms. Each Party hereby confirms that it complies with the Laws and Regulations and neither it nor its owners, management or any affiliates appear on or are

McAFEE&TAFT
A PROFESSIONAL CORPORATION

8TH FLOOR • TWO LEADERSHIP SQUARE
211 NORTH ROBINSON • OKLAHOMA CITY, OK 73102-7103
(405) 235-9621 • FAX (405) 235-0439
www.mcafeetaft.com

ERIN M. VAN LAANEN
ATTORNEY AT LAW

WRITER DIRECT
(405) 552-2208
FAX: (405) 228-7408
erin.vanlaanen@mcafeetaft.com

based or do business in the following list of known or suspected terrorist organizations and sanctioned or prohibited countries: Financial Action Task Force on Money Laundering list of High-risk and non-cooperative jurisdictions (http://www.fatf-gafi.org); United States Department of the Treasury, Office of Foreign Assets Control Specifically Designated Nationals and Blocked Persons (SDN List) (http://www.treasury.gov/resource-center/sanctions/SDN-List/Pages/default.aspx); United States Department of Commerce, Bureau of Industry and Security Lists of Parties of Concern (http://www.bis.doc.gov/index.php/policy-guidance/lists-of-parties-of-concern). **The Parties, and not the Escrow Agent, must confirm if the transaction and/or parties involved therein are in compliance with the Laws and Regulations, and the Escrow Agent makes no representation as to whether the transaction and/or the parties involved therein comply with the Laws and Regulations.**

(f) By sending and/or receiving Escrow Funds, the Purchaser represents and warrants that no portion of the Escrow Funds is derived from, or will be used for, and represents and warrants that no portion of the Escrow Funds will be used for, activities regulated or prohibited by Anti-Money Laundering Laws, meaning those laws, regulations and sanctions, state and federal, criminal and civil, that (a) limit the use of and/or seek the forfeiture of proceeds from illegal transactions; (b) limit commercial transactions with designated countries or individuals believed to be terrorists, narcotics dealers, or otherwise engaged in activities contrary to the interests of the United States; (c) require identification and documentation of the parties with whom a financial institution conducts business; or (d) are designed to disrupt the flow of funds to terrorist organizations. Such laws, regulations and sanctions shall be deemed to include the Patriot Act, the Bank Secrecy Act, the Trading with the Enemy Act, 50 U.S.C. App. Section 1 et seq, the International Emergency Economic Powers Act, 50 U.S.C. Section 1701 et seq, and the sanction regulations promulgated pursuant thereto by the OFAC, as well as laws relating to prevention and detection of money laundering in 18 U.S.C. Sections 1956 and 1957.

3. NOTICES. The Funds Disbursement Instruction is to be provided in writing by the Purchaser (and counter-signed by the Purchaser's Lender) and in the form of Exhibit B hereto. All other notices to Escrow Agent under the Purchase Agreement shall be sent in writing by email, via overnight courier service, or by certified mail, return receipt requested, to the Escrow Agent at the following address: **McAfee & Taft A Professional Corporation, 8th Floor, Two Leadership Square, 211 North Robinson, Oklahoma City, OK 73102-7103; Attn: Erin M. Van Laanen; Direct Dial: (405) 552-2208; Fax: (405) 228-7408; Email: erin.vanlaanen@mcafeetaft.com**. The Escrow Agent will rely on the contact information set forth in the Purchase Agreement, or as otherwise instructed by the Parties, for persons authorized to instruct the Escrow Agent. Escrow Agent may rely on an email or facsimile of any notice or instruction from any contact listed in the Purchase Agreement. Further, the Parties hereto agree that at least one (1) contact listed in the Purchase Agreement will be available to provide instructions at closing.

4. LIMITATION OF LIABILITY. The Escrow Agent's duties hereunder are limited to the safekeeping of the Escrow Funds and payment thereof upon receipt of instructions in accordance with these Escrow Terms, and Escrow Agent shall not be liable for any action taken or omitted to be taken by it while acting in good faith and in the exercise of its judgment under these Escrow Terms, or any instruction executed pursuant hereto, or in connection herewith, except for its own willful, criminal misconduct or gross negligence, nor be responsible for the collectability of funds . The Escrow Agent shall be entitled to rely upon advice of counsel concerning legal matters and upon any notice, consent, certificate, statement, signature or writing which it believes to be genuine and to have been presented by a proper person. Any document or instrument delivered to the Escrow Agent which purports to have been signed or executed by any of the Parties shall be conclusive evidence (absent the Escrow Agent's willful misconduct or gross negligence) that the person or entity signing on behalf of the Parties had full and complete authority to sign and deliver the instruction on behalf of such Party, and the Escrow Agent shall be entitled to rely, without investigation, upon the authenticity thereof.

5. DISAGREEMENT OF PARTIES. In the event of any disagreement between any of the Parties regarding these Escrow Terms, or in the event the Escrow Agent, in good faith, is in doubt as to what action should be taken hereunder,

McAFEE&TAFT
A PROFESSIONAL CORPORATION

8TH FLOOR • TWO LEADERSHIP SQUARE
211 NORTH ROBINSON • OKLAHOMA CITY, OK 73102-7103
(405) 235-9621 • FAX (405) 235-0439
www.mcafeetaft.com

ERIN M. VAN LAANEN
ATTORNEY AT LAW

WRITER DIRECT
(405) 552-2208
FAX: (405) 228-7408
erin.vanlaanen@mcafeetaft.com

the Escrow Agent may, at its option, refuse to comply with any claims or demands on it, or refuse to take any other action hereunder so long as such disagreement continues or such doubt exists, and in any such event, the Escrow Agent shall not be or become liable in any way or to any person for its good faith failure or refusal to act; and the Escrow Agent shall be entitled to continue to so refrain from acting until (i) the rights of the Parties shall have been fully and finally adjudicated by a court of competent jurisdiction, or (ii) all differences shall have been adjusted and all doubt resolved to the satisfaction of the Escrow Agent by agreement among all of the interested persons, and the Escrow Agent shall be notified thereof in writing signed by all such persons and entities. Should action be instituted, or should the Escrow Agent become involved in legal proceedings in any manner whatsoever on account of these Escrow Terms or the Escrow Funds, the Parties hereby bind and obligate themselves and their successors and assigns on a joint and several basis to pay Escrow Agent the reasonable attorneys' fees incurred by Escrow Agent to retain legal counsel, as well as any other disbursements, expenses, losses, costs or damages in connection with or resulting from such litigation, except such as may have been caused by the gross negligence or willful, criminal misconduct of the Escrow Agent. The Parties further agree that Escrow Agent shall not be liable for any losses or damages as may result from any act or failure to act by the Bank, or the financial failure of the Bank.

6. INDEMNIFICATION. The Parties hereby bind and obligate themselves and their heirs, personal representatives, successors and assigns on a joint and several basis to: (i) indemnify and pay Escrow Agent the reasonable attorneys' fees incurred by Escrow Agent to retain legal counsel for any action required under Section 6 of these Escrow Terms, as well as any other direct disbursements, expenses, losses, costs or damages (excluding all forms of indirect loss and all forms of loss of profit) in connection with or resulting from such litigation, except such as may have been caused by the gross negligence or willful misconduct of the Escrow Agent; and (ii) as between themselves and the Escrow Agent, to indemnify and hold the Escrow Agent harmless from all direct losses, costs, damages, expenses and reasonable attorneys' fees (excluding all forms of indirect loss and all forms of loss of profit) suffered or incurred by Escrow Agent arising from acts or omissions of the Escrow Agent in the good faith performance of or pursuant to or in connection with the Purchase Agreement, except such acts or omissions as may be the result of the Escrow Agent's gross negligence or willful misconduct. The Parties hereby agree and acknowledge that any and all of the rights, protections, indemnifications and limitations of liability extended to the Escrow Agent under this section extend to the officers, shareholders, employees and agents of the Escrow Agent, and the terms of this section shall survive the closing of the transaction or the termination of the Purchase Agreement and these Escrow Terms. Seller shall be solely responsible for the Escrow Agent's fee and any fees or cost owed to Escrow Agent pursuant to these Escrow Terms (which fees will be due prior to interpleading the Escrow Funds).

7. ESCROW AGENT'S FEES. Escrow Agent shall be paid a reasonable fee and shall be reimbursed for all reasonable costs and expenses incurred when acting in such capacity, which fees, costs and expenses shall be paid by the Seller. If the transaction under the Purchase Agreement does not close for any reason, the Escrow Agent's fees shall still be due and payable.

8. GOVERNING LAW. These Escrow Terms and any performance hereunder shall be governed by, and construed in accordance with the laws of the State of Oklahoma and the District Court of Oklahoma County, Oklahoma or the United States District Court of the Western District of Oklahoma shall have exclusive jurisdiction in respect to any such claims and disputes.

9. ENTIRE AGREEMENT. These Escrow Terms constitute the entire agreement of the Parties regarding the terms of the escrow, shall supersede all other agreements with respect to the terms of the escrow, and shall not be amended, altered or otherwise modified except by written agreement signed by all the Parties and the Escrow Agent. In the event of

McAFEE&TAFT
A PROFESSIONAL CORPORATION

8TH FLOOR • TWO LEADERSHIP SQUARE
211 NORTH ROBINSON • OKLAHOMA CITY, OK 73102-7103
(405) 235-9621 • FAX (405) 235-0439
www.mcafeetaft.com

ERIN M. VAN LAANEN
ATTORNEY AT LAW

WRITER DIRECT
(405) 552-2208
FAX: (405) 228-7408
erin.vanlaanen@mcafeetaft.com

any conflict between the terms of the Purchase Agreement and these Escrow Terms regarding the escrow, these Escrow Terms shall prevail.

10. WAIVER OF CONFLICT. The Parties acknowledge and agree that the Escrow Agent may perform FAA and International Registry legal services for one or more of the Parties or third parties, including, but not limited to, such legal services in connection with the transaction of which these Escrow Terms are a part. The Parties hereby agree to that representation and hereby waive any and all conflicts of interest that may arise from that representation and the Escrow Agent's performance of the undertakings provided in these Escrow Terms.

11. SECURITY INTERESTS. No Party nor the Escrow Agent shall grant a security interest in any monies or other property deposited with the Escrow Agent under these Escrow Terms, or otherwise create a lien, encumbrance or other claim against such monies or borrow against the same.

12. COUNTERPARTS. This Agreement may be executed in one or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument. Copies, telecopies, facsimiles, electronic files and other reproductions of original executed documents shall be deemed to be authentic and valid counterparts of such original documents for all purposes, including the filing of any claim, action or suit in the appropriate court of law. The parties hereto agree that the transactions described herein may be conducted and related documents may be stored by electronic means.

McAFEE&TAFT
A PROFESSIONAL CORPORATION

8TH FLOOR • TWO LEADERSHIP SQUARE
211 NORTH ROBINSON • OKLAHOMA CITY, OK 73102-7103
(405) 235-9621 • FAX (405) 235-0439
www.mcafeetaft.com

ERIN M. VAN LAANEN
ATTORNEY AT LAW

WRITER DIRECT
(405) 552-2208
FAX: (405) 228-7408
erin.vanlaanen@mcafeetaft.com

Agreed to and acknowledged on the date executed below by each party hereto.

By: ______________________
For CSDS Asset Management LLC, as Seller
Name: Benedict Sirimanne
Title: Managing Member
Date: 04/21/2026
Principal place of business:

By: ______________________
For UCK Airports 1 LLC, as Purchaser
Name: MEHMET ABIC OZKAN
Title: DIRECTOR
Date: 21. APRIL 2026
Principal place of business: Doha, Qatar

Signed by
Maria E. Gonzalez
CA127D679E05467...
By: ______________________
For McAfee & Taft, A P.C., as Escrow Agent
Name: Maria E. Gonzalez
Title: Vice President
Date: 4/21/2026 | 14:27 CDT

Docusign Envelope ID: 74661B92-D011-4FD5-B8EF-375683399906

McAFEE&TAFT
A PROFESSIONAL CORPORATION

8TH FLOOR • TWO LEADERSHIP SQUARE
211 NORTH ROBINSON • OKLAHOMA CITY, OK 73102-7103
(405) 235-9621 • FAX (405) 235-0439
www.mcafeetaft.com

ERIN M. VAN LAANEN
ATTORNEY AT LAW

WRITER DIRECT
(405) 552-2208
FAX: (405) 228-7408
erin.vanlaanen@mcafeetaft.com

**EXHIBIT A**

**Wire Instructions**

**Seller's Wire Instructions:**

| | |
|---|---|
| **Beneficiary's Bank Name** | Sunwest Bank |
| **ABA/Routing Number** | 122228003 **SWIFT: SUWWUS6I** |
| **Beneficiary's Bank Address** | 2050 Main Street, Suite 300<br>Irvine, CA 92614 |

| | |
|---|---|
| **Beneficiary's Name (Name on Account)** | CSDS Asset Management LLC |
| **Account Number** | 4901001222 |
| **Beneficiary's Address** | 609 Deep Valley Ste 200<br>Palos Verdes Estate, CA 90274 |

**Purchaser's Wire Instructions:**

Beneficiary : UCK AIRPORTS 1 LLC
Beneficiary Address : Newoon LLC Office No.103, Reg -3, Floor No.1, Regus Business Centre, No.67, Doha, Qatar
Beneficiary Bank : Qatar National Bank
IBAN : QA73 QNBA 0000 0000 0013 4834 9500 2
Account No. : 0013-483495-002
Currency : USD

McAFEE&TAFT
A PROFESSIONAL CORPORATION

8TH FLOOR • TWO LEADERSHIP SQUARE
211 NORTH ROBINSON • OKLAHOMA CITY, OK 73102-7103
(405) 235-9621 • FAX (405) 235-0439
www.mcafeetaft.com

ERIN M. VAN LAANEN
ATTORNEY AT LAW

WRITER DIRECT
(405) 552-2208
FAX: (405) 228-7408
erin.vanlaanen@mcafeetaft.com

**EXHIBIT B**

**FUNDS DISBURSEMENT INSTRUCTION**

This Funds Disbursement Instruction is executed and delivered pursuant to the Escrow Agreement dated as of ____________ __, 2026 (the "**Escrow Agreement**") by and among UCK Airports 1 LLC as purchaser ("**Purchaser**"), CSDS Asset Management LLC ("**Seller**") and McAfee & Taft A Professional Corporation, as escrow agent ("**Escrow Agent**").

Purchaser hereby irrevocably instructs Escrow Agent to transfer the amount of $___________________ (the "**Disbursement Amount**") to the account below:

[CSDS Account] [Purchaser Account]

By acknowledging this Instruction, Escrow Agent hereby irrevocably confirms to Purchaser that it will transfer the Disbursement Amount to the account of [CSDS Asset Management LLC] [the Purchaser] within three (3) Oklahoma City business days from the date hereof. If Escrow Agent receives these instructions during the closed hours of the Fedwire system, Escrow Agent shall initiate the transfer of the Disbursement Amount on the next Oklahoma City business day during which the Fedwire system is open.

[SIGNATURE PAGES FOLLOW]

Docusign Envelope ID: 74661B92-D011-4FD5-B8EF-375683399906

McAFEE&TAFT
A PROFESSIONAL CORPORATION

8TH FLOOR • TWO LEADERSHIP SQUARE
211 NORTH ROBINSON • OKLAHOMA CITY, OK 73102-7103
(405) 235-9621 • FAX (405) 235-0439
www.mcafeetaft.com

ERIN M. VAN LAANEN
ATTORNEY AT LAW

WRITER DIRECT
(405) 552-2208
FAX: (405) 228-7408
erin.vanlaanen@mcafeetaft.com

**PURCHASER:**

**UCK AIRPORTS 1 LLC**

By: ___________________________
Name:
Title:

**PURCHASER'S LENDER:**

**QATAR NATIONAL BANK (Q.P.S.C)**

__________________________

By: ___________________________
Name:
Title: